WESTCHESTER COUNTY.—HON. OWEN T. COFFIN, SURROGATE.—July, 1884.

TYMON v. CROMWELL.

*In the matter of the estate of* CATHARINE KIERNAN, *deceased.*

The object of the statutory provision creating the office of public administrator being to preserve from loss and waste the property of strangers who have died leaving no relative in the county, that officer acquires no power as such, where a decedent leaves such relative, unless the Surrogate grants an order in his favor as such administrator.

Under 2 R. S., 74, §27, designating certain persons who, in a specified order, including the county treasurer, are entitled to letters of administration upon the estate of an intestate, such treasurer, when entitled, receives letters, not *virtute officii*, as public administrator, but because the statute so designates him in the order of preference.

C., who was county treasurer of Westchester county, presented to the Surrogate's court a petition, signed by him in his individual name, praying that letters of administration upon decedent's estate be issued to him; alleging that he was such officer, that decedent left a sister of full age, residing in the county, but no other next of kin; but not alleging that there were no creditors of the intestate. The said relative renounced in favor of petitioner. Letters were accordingly issued to "C., administrator." A surplus of $600 remaining after payment of funeral expenses, expenses of administration and commissions, a question arose as to whether it should be paid to the State treasurer or to the next of kin.—

*Held,* that, there being a relative in the county entitled to letters, C. was acting as general and not as public administrator, and the next of kin were entitled to payment of the residue.

THIS was a contest over the disposition of the unexpended residue, arising upon the judicial settlement of the account of David Cromwell, as administrator of decedent's estate. Patrick Tymon and others, next of

kin of decedent, contended that the amount should be distributed among them. Further facts are stated in the opinion.

WM. M. SKINNER, JR., *for administrator.*

A. T. HOFFMAN, *for next of kin.*

THE SURROGATE.—The administrator, being the county treasurer of Westchester county, a question has arisen in this proceeding, as to the disposal of the surplus moneys, remaining after the payment of funeral expenses, expenses of administration and commissions. On behalf of the administrator, it is claimed that this balance, amounting to some $600, should be paid to the State treasurer, while, on behalf of the next of kin, it is insisted that it should be distributed among, and paid to them, according to their respective rights. It seems to be assumed by both parties that the administrator is acting in his official capacity as public administrator, under the provisions of part 2, ch. 6, tit. 6 of the Revised Statutes (*2 R. S., 129*). If that were so, then the balance should be paid to the State treasurer, under § 71 of that title; but, on examination of the proceedings for the appointment of the administrator, I find that Mr. Cromwell petitions in his private capacity only. It is true, he alleges that he is the county treasurer of Westchester county, but that is only *descriptio personae;* and he prays that letters of administration be issued to *him.* He also states in the petition that the deceased left a sister of full age, naming her, residing in this county, but left no other next of kin. It is not stated that there are no

creditors of the intestate. This sister, Ann Kiernan, duly renounced her right to administer, and requested the court to appoint "David Cromwell, county treasurer of said county, the administrator." The petition was signed simply "David Cromwell." The letters were issued to "David Cromwell, administrator." The petition, nevertheless, states all of the jurisdictional facts required by § 2660 of the Code. It, as I think, sufficiently states the petitioner's title; that the decedent died intestate in this county, of which she was a resident, leaving assets herein, and gives the name and residence of the only next of kin, as far as known to him. The statute does not seem to require a statement of the names of the creditors of the deceased, if any. While there may have been some slight informality in the preparation of the petition, yet it was sufficient to confer a proper authority to issue the letters. On this proceeding, it is made to appear that the intestate left two other next of kin, living in Ireland, who appear by attorney, and claim that their distributive shares should be directed to be paid to them, instead of to the State treasurer.

The question, therefore, arises whether the administrator is acting as public administrator under the provisions of the article (*2 R. S., 129*) above referred to, or under those of article second (*2 R. S., 73*) as general administrator. He could take no step as public administrator, because there was a relative in the county entitled to take letters, her competency being presumed (*2 R. S., 129, § 47*). No order was granted to him under the provisions of § 49, to seize the effects of the intestate, nor was a single step taken by him under any

of the subsequent sections of that article.   The object of the statutory provision creating the office of public administrator being to authorize some one to take possession of, and preserve from loss and waste, the property of strangers who have died leaving no relative in the county, that officer fails to acquire such power where there is such relative, unless the Surrogate grant such order.   The whole article of the statute is based upon the fact of the absence of such relative (§ *47*) ; or upon the fact that, although there be such relative, yet that there are creditors or other relatives of the deceased, residing more than one hundred miles distant, who are interested in the distribution, and that the goods are in danger of waste or embezzlement (§ *49*). In this latter case the Surrogate, on due proof made, may authorize the county treasurer to seize and secure the effects.   Nothing of this kind was done in this case, as above remarked.   He has not, therefore, acted under the article defining the powers and duties of public administrators.

It would seem that he is only a general administrator, appointed under 2 R. S., '74, § 27, and has only the powers, and is required to perform only the duties of such.   On his accounting, the Surrogate proceeds to decree distribution, as if the accounting administrator were the husband, sister or son.   By the section last cited, the right of various persons to general administration, and the order of such right is determined. After creditors, the county treasurer, it is declared, shall have preference over all other persons ; but he is not so entitled *virtute officii*, as public administrator, but because the statute so designates him in the order

of preference.  It might have as well designated the county clerk, or the district attorney.  In either case, he is simply general administrator, takes an oath of office as such, acts as such and accounts as such ; and distribution is made among next of kin as in any other case of general administration.

Decreed accordingly.